Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 7057 | DATE | 9/24/2004 |
| CASE TITLE | United States of America vs. Gregory J. Iovine | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ For the reasons stated in the attached memorandum opinion and order, Defendant's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1] is DENIED. All other motions are moot and terminated. This case is CLOSED.

/s/ David H. Coar

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 28 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| mvf/lc | courtroom deputy's initials | | date mailed notice mailing deputy initials | |

Date/time received in central Clerk's Office

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 01-C-7057 |
| v. ) | (94 CR 586-2) |
| ) | HONORABLE DAVID H. COAR |
| Gregory J. Iovine ) | |
| ) | |
| **Defendant.** ) | |

DOCKETED
SEP 2 8 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Gregory J. Iovine ("Petitioner" or "Iovine") seeks to vacate, set aside, or correct his criminal conviction pursuant to 28 U.S.C. § 1651. Petitioner, who has been released from federal custody, alleges that constitutional violations during his trial rendered his guilty plea invalid. For the reasons set forth in the opinion below, petitioner's motion is DENIED.

### I.     Factual Background

On March 13, 1995, Iovine entered a guilty plea to a superseding information charging him with violations of 18 U.S.C. §§ 1951 and 924 (c). Full descriptions of the facts of the case against Petitioner and his co-defendant Ienco that led to this plea agreement previously have been reported and we will not repeat them here.[1] United States v. Ienco, 182 F.3d 517 (7th Cir. 1999); United States v. Ienco, 92 F.3d 564 (7th Cir. 1996). In summary, Gregory Iovine and his associate, Joseph Ienco, were charged with a litany of offenses arises from an alleged attempted

---

[1] Further discussion of the facts of this case can be found in Ienco v. City of Chicago, 148 F. Supp. 2d 938 (N.D. Ill. 2001), aff'd in part, rev'd in part, Ienco v. City of Chicago, 286 F.3d 994 (7th Cir. 2002), and Ienco v. Angarone, 291 F. Supp. 2d 755 (N.D. Ill. 2003).



extortion. Prior to trial, Ienco and Iovine filed a joint suppression motion to suppress physical evidence. Iovine also filed a motion to suppress statements he made to the police. The trial judge denied the joint suppression motion. Iovine then agreed to cooperate with the government and entered a guilty plea to a superseding indictment, charging him with violations of 18 U.S.C. §§ 1951 and 924(c). The following day, Petitioner withdrew his motion to suppress his custodial statements.

After the conclusion of his co-defendant Ienco's jury trial, Iovine was sentenced to 41 months and five years to be served consecutively. Ienco was sentenced to thirty-three years and five months in prison. Ienco appealed his sentence, alleging errors in the pre-trial suppression hearing and at trial. The Seventh Circuit reversed the district court's denial of the motion to suppress and Ienco's conviction under 18 U.S.C. § 924(c). The case was remanded to the trial court with instructions to reinstate his non-924(c) convictions if the motion to suppress again was denied. The 924(c) conviction was to be retried pursuant to the decision in Bailey v. United States, 516 U.S. 137 (1995).

The case was then reassigned to this Court, and a new suppression hearing was held. This Court granted Ienco's motion to suppress physical evidence and Petitioner's testimony as fruits of the poisonous tree. The government appealed, and the Seventh Circuit affirmed this Court's ruling. Without the evidence suppressed by the ruling, the government determined that it did not have sufficient evidence to convict Ienco. For that reason, on September 9, 1999, the government moved to dismiss the pending charges against Ienco; the Court granted this motion. Ienco was released from custody that same day. The government also had a Rule 35 motion pending before this Court at that time, in which it sought to reduce Petitioner's sentence based on additional

cooperation. On September 15, 1999, following the dismissal of charges against Ienco, the government moved to reduce Petitioner's sentence to time served. That motion was granted, and Petitioner was released from custody on September 15, 1999.

**II.  Analysis**

This Court has proper jurisdiction over Petitioner's motion. Congress has empowered the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. Accordingly, a "federal district court has the power to vacate one of its judgments of conviction after the sentence for that conviction has expired when a constitutional right is at stake." United States v. Correa-de Jesus, 708 F.2d 1283, 1285 (7th Cir. 1983) (citing United States v. Morgan, 346 U.S. 502 (1954)).

All of Petitioner's allegations are based on the premise that the government used perjured evidence to obtain his plea agreement. A writ of error coram nobis permits a court to correct fundamental errors and vacate a criminal conviction even after the defendant has been released from custody. 28 U.S.C. § 1651(a); Morgan, 346 U.S. 502, 512-13 (1954); Howard v. United States, 962 F.2d 651, 653 (7th Cir. 1992). The writ is an extraordinary remedy, however, and the need for finality of judgments means that the writ "should only be allowed under circumstances compelling such action to achieve justice." Id.

**1.  Required Elements of Coram Nobis Showing**

Coram nobis is not a substitute for section 2255 relief. Here, however, Iovine has served the full term of his sentence and is no longer in custody. Therefore, a request for coram nobis relief is appropriate. A writ of coram nobis, however, is an "extraordinary remedy," Howard v. United States, 962 F.2d 651, 653 (7th Cir. 1992), and limited to correcting errors "'of the most

fundamental character.'" United States v. Bush, 888 F.2d 1145, 1147 (7th Cir. 1989) (quoting Morgan, 346 U.S. at 512).

Coram nobis is not an open-ended form of relief. In its limited discussions of the circumstances when coram nobis relief is appropriate, the United States Supreme Court has emphasized the need for finality in litigation and suggested that coram nobis should address only errors "'of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid.'" Morgan, 346 U.S. at 512 (citing United States v. Mayer, 235 U.S. 55, 69 (1914)). The limited scope of the writ ensures that coram nobis will not be used as a substitute for appropriate appeal or as a means to avoid the one-year statute of limitations on section 2255 petitions. Mercado v. United States, 104 F. Supp. 2d 1059, 1063 (E.D. Wisc. 2000); United States v. Darnell, 716 F.2d 479, 481 n.5 (1983). As the Seventh Circuit has noted, "frequent use of this writ would discard the benefits of finality," therefore, "it has been reserved for compelling events," such as "defects that sap the proceeding of any validity." United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988), cert. denied, 490 U.S. 1084 (1989) (citations omitted).

To be successful on a motion for coram nobis relief, petitioner must show that (1) the claim could not have been raised on direct appeal; (2) the conviction produces lingering civil disabilities; and (3) the alleged error is the type of defect that would have justified relief pursuant to 28 U.S.C. § 2255. United States v. Doe, 867 F.2d 986 (7th Cir. 1989); Keane, 852 F.2d at 202-203, 206. Each of the three elements must be established; failure to establish any one element is an "independently sufficient reason[]" to deny the writ. Keane, 852 F.2d at 206. Iovine's petition falls short on at least the first element.

A.  Failure to Bring Claims on Appeal

The Seventh Circuit has held unambiguously that a defendant may not raise claims on collateral attack, such as this, that could have been raised on direct appeal. Keane, 852 F.2d at 202 (citing United States v. Mayer, 235 U.S. 55, 69 (1914)). A defendant can defeat this requirement "only where 'sound reasons' exist for the failure to seek appropriate earlier relief." United States v. Darnell, 716 F.2d 479, 481 (1983) (quoting Morgan, 346 U.S. 502, 511-12 (1954)). The requirement of demonstrating sound reasons for failure to seek earlier relief protects against "sandbagging." Moreover, this requirement encourages the efficient allocation of judicial resources and supports the systemic interest in judgment finality. See Morgan, 346 U.S. at 511.

The government argues that Iovine has procedurally defaulted on his claims because he failed to file any direct appeal when he was able to do so. "When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice." Galbraith v. United States, 313 F.3d 1001 (7th Cir. 2002) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)); see also United States v. Lane, 267 F.3d 715, 721 (7th Cir. 2001) ("[W]aiving or foregoing a direct appeal bars collateral attack on the basis of most issues, even many constitutional issues, that could have been raised on direct appeal.").

Petitioner claims the reason he failed to raise an appeal or mount a collateral attack is that he was "not aware" that the government dismissed the charges against his co-defendant. (Pet'r's Mot. Under 28 U.S.C. Section 2255/1651, at 7.) The government notes, however, that Iovine was in the courtroom when the Court granted the government's motion to dismiss all charges against Ienco. Moreover, Petitioner's own sentence was amended to time served less than one week later, "based solely on the fact that [Iovine] was still in prison while his more culpable co-defendant

was free and had no felony conviction on his record." (Gov't's Resp. Br. at 7.) Iovine was represented by counsel throughout these proceedings. See id. at 7-8. Iovine was present in the courtroom when the government dismissed all charges against Ienco and released him from custody. Iovine's attorney could have learned that the Seventh Circuit had upheld this Court's decision to suppress evidence in Ienco's trial and could have filed an appropriate collateral attack while Iovine was still in custody, but did not do so. For these reasons, Iovine has not provided credible support for his claim that he was not aware that the government had dismissed its charges against Ienco or for his failure to raise his objections earlier. This Court finds that Petitioner has failed to establish sound reasons for his failure to seek appropriate earlier relief; therefore, Petitioner is barred from raising these issues in a coram nobis proceeding.

B. <u>Lingering Civil Disabilities</u>

The Seventh Circuit has stated that "coram nobis may be employed if and only if the petitioner is suffering civil disabilities unique to criminal convictions." Id. Coram nobis has its roots in Section 2255 habeas corpus relief for federal prisoners. Habeas corpus relief, however, is unavailable to a petitioner after release from custody. In this circumstance, coram nobis presents the only avenue for collateral review. United States v. Bush, 888 F.2d 1145, 1146-47 (7th Cir. 1989). The Seventh Circuit, however, has stated that the petitioner must show a substitute for the "custody" requirement; namely, that the petitioner is under a "substantial legal disability" because of the conviction. Howard v. United States, 962 F.2d 651, 653 (7th Cir. 1992) (citing United States v. Bush, 888 F.2d 1145, 1148, 1150-51 (7th Cir. 1989)). The types of civil disabilities sufficient to justify coram nobis relief include the "loss of the rights to vote, hold

occupational licenses (including law licenses), and bear arms." Id.; see also Howard, 962 F.2d at 654; United States v. Craig, 907 F.2d 653, 659 (7th Cir. 1990).

Three elements comprise those lingering civil disabilities which are sufficient to support coram nobis relief. First, the disability must cause a present or ongoing harm. Second, it must arise out of the allegedly wrongful conviction. Third, it must pose a risk of more than incidental harm to the petitioner. Howard v. United States, 962 F.2d at 654 (quoting United States v. Craig, 907 F.2d 653, 658 (7th Cir. 1990), cert. denied, 500 U.S. 917 (1991)). Petitioner alleges that he is suffering "significant employment disabilities" because of his conviction. Specifically, he asserts that he is unable to obtain certification to work in municipal or school bus driving, because his felony conviction acts as an automatic disqualification. Finally, Petitioner states that municipal or school bus driving is "the only occupation [he] is trained in." (Pet'r Aff. at 4.) The government concedes that Petitioner experiences "lingering adverse legal consequences from his conviction." (Gov't Resp. Br. at 5.) An absolute bar from an occupation may establish a legal disability, but "[d]ifficulty in obtaining a desirable job" does not. United States v. Bush, 888 F.2d 1145, 1149 (7th Cir. 1989). Petitioner asserts that he is "unemployable in the only industry or occupation that [he is] trained to participate in." (Pet'r Aff. at 4.) Assuming Petitioner's rather bare assertion to be true, and there is no dispute in the parties' briefs on this point, Petitioner may be able to demonstrate that he is suffering a lingering civil disability from his conviction. This Court does not belittle Petitioner's occupational difficulty. However, because he has failed to meet the first requirement for coram nobis relief, his motion must be denied.

C.  Alleged Error Would Have Justified § 2255 Relief

Even if Iovine could satisfy both of the first two required elements for coram nobis relief, he still would be required to demonstrate that the alleged error was a "fundamental defect" that resulted in a complete "miscarriage of justice." Keane, 852 F.2d at 205 (citation omitted). Petitioner seeks to meet this element by asserting that his guilty plea was based on perjured prosecution testimony, which resulted in an invalid plea and a violation of his constitutional due process rights. For the reasons discussed below, this argument is unavailing.

**1.    Guilty plea**

A guilty plea is "more than a confession which admits that the accused did various acts." United States v. Broce, 488 U.S. 563, 570 (1989) (quoting Boykin v. Alabama, 395 U.S. 238, 242 (1969)). It is an admission of guilt of a substantive crime. Id. Petitioner alleges that his guilty plea was based on perjured prosecution testimony which was improperly admitted at his initial criminal trial. Therefore, petitioner asserts that his plea was not knowing, intelligent, or voluntary, as required by the United States Supreme Court. Brady v. United States, 397 U.S. 742 (1970).

Due process requires that a guilty plea be made voluntarily, intelligently and knowingly, to be valid. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002) (citing Brady v. United States, 397 U.S. 742, 747 (1970)). A plea is voluntary in the constitutional sense if it is "entered by one fully aware of the direct consequences" of the plea and is not induced by threats, misrepresentation, or improper promises (e.g., bribes). Brady, 397 U.S. at 755. A knowing and intelligent plea is one entered by a defendant who is competent, informed of the charges, and represented by competent counsel. Id. Moreover, the "voluntariness and intelligence of a guilty

plea can be attacked on collateral review only if first challenged on direct review." Bousley v. United States, 523 U.S. 614, 621 (1998).

First, petitioner argues that a guilty plea must be knowing and voluntary to be valid and that, because of misrepresentations by state agents, his guilty plea was neither. Petitioner relies on Brady to support his contention that his guilty plea was not voluntary or intelligent. This reliance is misplaced. The Brady Court said that "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S. at 757. As the Seventh Circuit has stated, an intelligent plea is "the culmination of a rational decision-making process, in which the accused assesses numerous factors which bear upon his choice of whether to formally admit his guilt or to put the State to its proof. The plea must represent the informed, self-determined choice among practicable alternatives." United States ex rel. Healey v. Cannon, 553 F.2d 1052, 1056 (7th Cir. 1977). The plea agreement clearly stated that Iovine "understands he is waiving all appellate issues that might have been available if he had exercised his right to indictment and trial, and only may appeal the validity of this plea of guilty or the sentence." (Gov't Ex. A at 12.). In this case, Iovine, who was represented by counsel, chose to enter an unconditional guilty plea, reserving no issues for appeal. Iovine and his counsel appear to have made a rational decision, based on their assessment of the risks of trial. Iovine and his counsel could have attempted to reserve the right to appeal the denial of the suppression motion. They could have appealed when the motion to suppress was granted in Ienco's subsequent proceedings. They did not do any of these.

Petitioner does not argue that he was not informed of the charges against him, and indeed, the final provision of the plea agreement states that defendant's signature acknowledges that he and his attorney had read and reviewed the agreement together. and that he understood and voluntarily accepted each and every term of the agreement. (Gov't Ex. A at 15).

A plea is voluntary when the defendant "possesses an understanding of the law in relation to the facts." The Federal Rules of Criminal Procedure provide a safeguard for defendants who seek to enter guilty pleas by requiring a judge to verify that the defendant understands the substance of the plea and the consequences thereof. Fed. R. Crim. P. 11(b). Moreover, the judge must determine that the plea is voluntary and that it rests on a factual basis. Id. Petitioner makes no attempt to argue that the presiding judge in his original trial failed to conduct a proper Rule 11 inquiry. By signing and entering his guilty plea, Petitioner demonstrated that he understood "the law in relation to the facts" and that he "voluntarily accept[ed] each and every term and condition of [the plea] Agreement." (Gov't Ex. A at 15).

A plea is intelligent when the defendant received "real notice of the true nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Smith v. O'Grady, 312 U.S. 329 (1941)). The defendant must be "correctly informed as to the essential nature of the charge against him." Id. Petitioner does not argue that he was not correctly informed

of the charges against him.[2] Iovine was represented by counsel throughout the proceeding. For the reasons stated above, Iovine has failed to demonstrate that his plea was not intelligent.

However, even assuming Petitioner could show that his guilty plea was not voluntary, intelligent, or knowing, his claim would be procedurally barred, as discussed above. Petitioner entered an unconditional guilty plea, served the entirety of his sentence, and only then, after learning that his co-defendant had been released with no felony conviction, sought to attack his conviction. It is settled law that the voluntariness and intelligence of a guilty plea may not be attacked on collateral review unless first attacked on direct appeal. Bousley, 523 U.S. at 621. Petitioner did not raise a direct appeal when he had the opportunity to do so and may not now use this extraordinary writ to circumvent procedural limitations.

At best, Petitioner implies an ineffective assistance of counsel argument as ground for his claim that his guilty plea was invalid. This argument is unavailing. To prevail on an ineffective assistance of counsel claim, Iovine first "must show that counsel's representation fell below an objective standard of reasonableness" and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688-694 (1984); Harding v. Sternes, 380 F.3d 1034, 1044 (7th Cir. 2004) (citing Strickland test as appropriate standard for evaluating ineffective

---

[2] Petitioner appears to raise an argument under Bailey v. United States, 516 U.S. 137 (1995), relating to his § 924(c) conviction. However, Iovine pleaded guilty to facts which established the "carry" prong of § 924(c). The Seventh Circuit has held that "a violation of either prong would be sufficient, for the statute is phrased in the disjunctive." United States v. Damico, 99 F.3d 1431, 1431 (7th Cir. 1996). Petitioner's argument is procedurally flawed as well because Bailey was available in 1996, allowing ample time to attack the conviction under Section 2255. Because Iovine failed to do so during the one-year statute of limitations, this claim is time-barred. 28 U.S.C. § 2255.

-11-

assistance of counsel claims). Petitioner does not assert, perhaps because he cannot, that he was not advised of the consequences of his plea. Petitioner's complaint, in sum, is that it is unfair that he has a felony conviction on his record while his former colleague, who was arguably more culpable, was released with no mark on his record. Such a circumstance, unwelcome as it is to Petitioner, is a risk inherent in the plea bargaining process. In exchange for a lighter sentence, Iovine elected to give up his claims that the arrest, seizure and subsequent statements were the product of unconstitutional conduct by the police. In retrospect, that was probably a poor decision; however, hindsight is not the perspective that the court must use. Petitioner has not met the required showing of a fundamental defect in the proceedings against him that resulted in a miscarriage of justice and, therefore, is not entitled to a writ of coram nobis.

### III. Conclusion

For the foregoing reasons, Iovine's "Motion to Vacate, Set Aside, or Correct Sentence" is denied.

Enter:

David H. Coar
United States District Judge

Dated: September 24, 2004